CAVANAUGH *v.* VAN DAM.

1. FRAUD—REPRESENTATION ACCOMPANIED BY STATEMENT OF FACT.
   Representation by broker's agent that lot was worth certain sum, where accompanied by false statement that it had sold for said amount, constituted actionable fraud.

2. SAME—LACHES.
   Claim of fraud by vendees in sale of city lot on contract is barred by laches, where not asserted until after commencement of action against them for past-due instalments nearly five years after contract was executed.

3. SAME—PROMISES—CONTRACTUAL OBLIGATION.
   Promise, if made to vendees by broker's agent, to resell lot within six months, did not constitute fraud, in absence of evidence showing no intention to keep it or that it was part of scheme to defraud; it being mere contractual obligation.

4. BROKERS—AUTHORITY TO REPURCHASE.
   Authority to broker to sell land does not carry authority to repurchase.

5. SAME—UNAUTHORIZED PROMISE BY BROKER'S AGENT.
   Promise made to vendees by broker's salesman to resell city lot within certain time was not binding on owner, where no such authority was given and was contrary to express provision of contract that statements or representations made by salesmen not embodied therein were not binding on owner.

Appeal from Kent; Brown (William B.), J. Submitted June 21, 1933. (Docket No. 112, Calendar No. 37,136.) Decided August 29, 1933.

Assumpsit in justice's court by Hugh B. Cavanaugh and another against Dick Van Dam and another for instalments due under a land contract.

Verdict and judgment for defendants. Plaintiffs appealed to circuit court. Directed verdict and judgment for plaintiffs. Defendants appeal. Affirmed.

*Lloyd E. Cooper* (*Butterfield, Keeney & Amberg*, of counsel), for plaintiffs.

*Linsey, Shivel & Phelps*, for defendants.

McDonald, C. J. This is a suit to recover past due instalments on a land contract involving the sale of a vacant lot. The plaintiffs, who were the owners, listed the lot for sale with Albert Brothers, realtors. It was sold to the defendants by Howard Jacobson, a salesman in their employ. The sale price was $900. There is no question as to the amount due on the contract. The defense is that the defendants were induced to purchase the lot by the fraudulent representations of Mr. Jacobson as to value and his promise to resell it for them within six months at a profit of at least $50; that Jacobson's promise to resell was ratified by Albert Brothers to whom defendants made their payments; that though the property was not sold as agreed they continued to make payments for two years relying on the statement of Albert Brothers that they required more time to carry out the promise which their salesman had made and that when they became convinced that the property was not to be resold, they rescinded the contract and tendered it to Albert Brothers for cancellation. These claims which are denied by the plaintiffs comprise the issue involved on the trial. At the conclusion of the proofs the court directed a verdict in favor of the plaintiffs. The defendants have appealed,

Passing the contention of fatal variance between defendants' pleading and proofs which is not without merit, we will dispose of the issue as framed by the testimony.

The theory of the defendants' testimony is that there was fraud in misrepresenting value and a breach of contract to resell. As to representations of value, Mr. Van Dam testified:

"He told me he had a lot that had been sold for $1,200, and that there was $900 still due on it, and it was a wonderful buy. * * *

"*Q.* What did he say the value of it was?

"*A.* $1,200."

It is the plaintiffs' contention that this alleged statement of value, if untrue, was not a false representation but a mere opinion which cannot be made the basis of an action for fraud. We do not agree with this contention.

"The rule that expressions of opinion do not constitute actionable fraud * * * which is a rule subject to exceptions (see *French* v. *Ryan,* 104 Mich. 625), is applicable only when the opinion stands by itself as a distinct thing." *McDonald* v. *Smith,* 139 Mich. 211.

In the instant case the opinion that the lot was worth $1,200 does not stand by itself as a distinct thing. It was accompanied by the statement that it had sold for $1,200. The latter was a statement of fact evidently advanced in support of the opinion. But, conceding that false representations of value were made as claimed by the defendants, we think as a matter of law they are barred by long delay in asserting them as a defense to this action on the contract. The testimony is undisputed that not until the commencement of suit nearly five years

after the contract was executed, did they make any claim of fraudulent representations. The only complaint they made was that Mr. Jacobson had breached his promise to resell the property and on that ground alone they claimed the right to rescind. Mr. Van Dam so testified:

"I told Mr. Albert Mr. Jacobson would sell that lot for us inside of six months, and we expected him to live up to that. * * *

"I told him we couldn't put any more money in it and keep on putting money in it, and that when I bought it from Mr. Jacobson, he had agreed to sell it for me in six months, and every time they needed more time. They told me that. They told me they needed more time. They never told me that they did not intend to live up to this agreement. * * * I told him I wouldn't pay any more money. I had the contract with me. I told him I was not going to make any more payments because they did not live up to their end of it.

"Q. Did you offer the contract to him?

"A. I offered the contract back. I was willing at any time to turn the contract back on their not living up to this agreement. * * *

"Q. But up to the time you made this last payment, did you at all times rely upon this agreement?

"A. Yes, sir.

"Q. That Mr. Jacobson had made to you?

"A. Yes.

"Q. And you made these payments upon the strength of that?

"A. Yes, sir."

The defendants' claim of fraud comes too late. They are barred by their laches from asserting it as a defense to an action on the contract.

The promise to resell the property within six months, if made, did not constitute fraud. There was no evidence from which a jury could say that it was made without any intention to keep it or as part of a scheme to defraud. It was a mere contractual obligation and was so regarded by the defendants. Because of its breach they sought to rescind the contract. Neither Mr. Jacobson nor Albert Brothers had authority to make such a promise. Authority to sell does not carry authority to repurchase. Not only was there no authority to bind the plaintiffs by the agreement to resell, but it was contrary to the express provisions of the written contract which provided that "statements or representations made by salesmen not embodied herein shall not be binding on the first party."

The court did not err in ruling that there was no question for the jury and directing a verdict in favor of the plaintiffs.

The judgment is affirmed, with costs to the plaintiffs.

CLARK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.